(100 South. 731)

No. 24224.

### BOMER–BLANKS LUMBER CO. v. BOUANCHAUD, Sheriff and Tax Collector, et al.

(April 30, 1924.)

*(Syllabus by Editorial Staff.)*

Drains ⬉91—Drainage tax held properly restrained as inadequate.

Injunction against collection of acreage drainage taxes on the ground of inadequacy of the tax and proposed bonds to carry out system of drainage was proper, where the tax if funded into bonds would produce about $8,000, and if collected and expended annually would yield about $12,000, and it would cost from $40,000 to $50,000 to provide reasonable drainage for the territory.

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupee; J. E. LeBlanc, Jr., and C. K. Schwing, Judges.

Suit by the Bomer-Blanks Lumber Company against L. Bouanchaud, Sheriff and Tax Collector, and another. Decree for plaintiffs and defendant named appeals. Affirmed.

J. H. Morrison, Dist. Atty., and Claiborne & Claiborne, all of New Roads, for appellant.

Paul G. Borron, of Baton Rouge, and Bouanchaud & Kearney, of New Roads, for appellee.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

DAWKINS, J. Plaintiff enjoined the collection of certain acreage drainage taxes, and prayed that the assessment be annulled, basing its complaint upon the following grounds:

(1) That the sum to be realized from the tax and bonds which it was proposed to issue would be wholly inadequate to carry out "any system of drainage for the territory involved" and would afford no benefit to the lands of petitioner.

(2) That petitioner had already planned and had under construction a system of drainage for its own land.

(3) That petitioner is informed, believes, and alleges that the said district was formed for the sole purpose of draining a small area in the extreme northern end thereof, and the funds to be raised will be devoted to that purpose exclusively, with no resultant benefit to it and other property owners similarly situated.

(4) That to force petitioner to pay the tax under these circumstances would amount to a taking of its property without due process of law, in violation of state and federal Constitutions.

Defendant controverted all these propositions and reconvened for damages for the alleged wrongful issuance of the injunction.

The lower court decreed the assessment and tax null, and perpetuated the injunction against collection, the judgment declaring that plaintiff was "released from the payment of the said special tax."

Defendant appeals.

### Opinion.

No appearance whatever has been made for defendant appellant, and the case has been briefed only by plaintiff.

The only real question involved is that covered by the first heading above enumerated, and that is as to whether or not the record shows a clear abuse of discretion by the taxing authorities under the powers imposed upon them by law. By this we mean, has it been demonstrated that the funds which will be realized are so utterly inadequate that no benefit can result to the taxpayers from the collection and expenditure?

The evidence discloses that, if the tax of 10 cents per acre per annum is funded into bonds, it will produce about $8,000; and, if collected and expended annually over the period of its imposition (10 years), about $12,000 will be realized. To provide anything like reasonable drainage for the territory in the district would require between $40,000 and $50,000. After a careful review of the evidence we fully agree with the lower court that it is conclusively shown that the money to be raised will be entirely insufficient to provide drainage for the district; that without more ample provision the amount, if spent upon any proposed system, will be virtually wasted, and if used in a limited portion of the district, as the plaintiff charges it will be used, the result will amount to a gross discrimination, as to which the courts, under their equitable powers, would be justified in interfering for the protection of the taxpayer. Williams v. Board of Com. Bayou Sales Drainage Dist., 130 La. 969, 58 South. 847; 9 R. C. L. § 44, P. 653; 14 Cyc. 1059.

For these reasons, the judgment is affirmed, with costs.