(2) That petitioner had already planned and had under construction a system of drainage for its own land.

(3) That petitioner is informed, believes, and alleges that the said district was formed for the sole purpose of draining a small area in the extreme northern end thereof, and the funds to be raised will be devoted to that purpose exclusively, with no resultant benefit to it and other property owners similarly situated.

(4) That to force petitioner to 'pay the tax under these circumstances would amount to a taking of its property without due process of law, in violation of state and federal Constitutions.

Defendant controverted all these propositions and reconvened for damages for the alleged wrongful issuance of the injunction.

The lower court decreed the assessment and tax null, and perpetuated the injunction against collection, the judgment declaring that plaintiff was "released from the payment of the said special tax."

Defendant appeals.

### Opinion.

No appearance whatever has been made for defendant appellant, and the case has been briefed only by plaintiff.

The only real question involved is that covered by the first heading above enumerated, and that is as to whether or not the record shows a clear abuse of discretion by the taxing authorities under the powers imposed upon them by law. By this we mean, has it been demonstrated that the funds which will be realized are so utterly inadequate that no benefit can result to the taxpayers from the collection and expenditure?

The evidence discloses that, if the tax of 10 cents per acre per annum is funded into bonds, it will produce about $8,000; and, if collected and expended annually over the period of its imposition (10 years), about $12,000 will be realized. To provide anything like reasonable drainage for the territory in the district would require between $40,000 and $50,000. After a careful review of the evidence we fully agree with the lower court that it is conclusively shown that the money to be raised will be entirely insufficient to provide drainage for the district; that without more ample provision the amount, if spent upon any proposed system, will be virtually wasted, and if used in a limited portion of the district, as the plaintiff charges it will be used, the result will amount to a gross discrimination, as to which the courts, under their equitable powers, would be justified in interfering for the protection of the taxpayer. Williams v. Board of Com. Bayou Sales Drainage Dist., 130 La. 969, 58 South. 847; 9 R. C. L. § 44, P. 653; 14 Cyc. 1059.

For these reasons, the judgment is affirmed, with costs.

═══════

(100 South. 731)

No. 24222.

### Theodore DREYFUS v. L. BOUANCHAUD, Tax Collector, et al.

(April 30, 1924.)

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupee; J. E. LeBlanc, Jr., and C. K. Schwing, Judges.

J. H. Morrison, Dist. Atty., and Claiborne & Claiborne, all of New Roads, for appellants.
Paul G. Borron, of Baton Rouge, and Bouanchaud & Kearney, of New Roads, for appellee.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

DAWKINS, J.  The issues involved in this case are the same as those considered in the case of Bomer-Blanks Lumber Co. v. Bouanchaud, Sheriff and Tax Collector, No. 24224,

100 South. 731,[1] this day decided, plaintiff here being merely another taxpayer resisting the same tax; and, for the reasons therein assigned, the judgment of the lower court is affirmed, with costs.

---

**(100 South. 732)**

**No. 24223.**

## Max DREYFUS v. L. BOUANCHAUD, Tax Collector, et al.

(April 30, 1924.)

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupee; J. E. LeBlanc, Jr., and C. K. Schwing, Judges.

J. H. Morrison, Dist. Atty., and Claiborne & Claiborne, all of New Roads, for appellants.

Paul G. Borron, of Baton Rouge, and Bouanchaud & Kearney, of New Roads, for appellee.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

DAWKINS, J. The issues involved in this case are the same as those considered in the case of Bomer-Blanks Lumber Co. v. Bouanchaud, Sheriff and Tax Collector, No. 24224, 100 South. 731,[1] this day decided, plaintiff here being merely another taxpayer resisting the same tax; and, for the reasons therein assigned, the judgment of the lower court is affirmed, with costs.

---

**(100 South. 732)**

**No. 24316.**

## WILKINS v. FEATHERSTONE TRANS-FER CO.

(March 31, 1924. Rehearing Denied by Division C May 5, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Carriers ⚖300—Negligence of chauffeur in failing to see automobile coming out of alley held to make owner of taxicab liable for injuries to passenger.**

Where plaintiff, while riding as passenger in defendant's taxicab, was injured in collision with another automobile, defendant was liable, where it appeared that his chauffeur

---

[1] Ante, p. 598.

suddenly switched around from behind a third automobile in effort to pass on wrong side and in doing so struck another car coming out of an alley because he failed to see it.

2. **Damages ⚖131(1)—$1,440 held proper for injuries in automobile accident and loss of time and commissions.**

$1,440 *held* proper recovery where taxicab passenger was bruised in collision; thickening of periosteum being induced, and he being confined to bed for two weeks, unable to work for four and a half months, losing commissions of about $200 per month and wages of $175 per month, allowance for pain and suffering being $800 and doctor bills $40.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by James W. Wilkins against the Featherstone Transfer Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Pugh & Boatner, of Shreveport, for appellant.

Hall & Bullock, of Shreveport, for appellee.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

DAWKINS, J. Plaintiff was injured while a passenger in a taxicab of the defendant company which operates such vehicles for hire in the city of Shreveport. The injury was the result of a collision between the machine in which he was riding and another automobile operated by others. The sole question in the case, other than the quantum of damages, is: Was defendant's chauffeur guilty of negligence? The lower court concluded that he was and gave judgment for the injuries which he considered were attributable to the accident. Defendant appealed, and plaintiff has answered praying that the allowance be increased to the sum claimed in his petition.

### Opinion.

[1] The cab in which plaintiff was riding was proceeding to the Union Depot in the city of Shreveport, and another car coming